SUCCESSION OF WILLIAM BRONSON and ELIZABETH BRONSON, his Wife.

A relation, who if present in and a resident of the State, would have been entitled to the tutorship of a minor, cannot be permitted, after coming to the State, to displace the tutor regularly appointed.
C. P. 953.

APPEAL from the District Court, Second Judicial District, parish of Plaquemines, *Rousseau, J. Emerson & Huntington,* for appellants. *Foulhouze & Lombard,* for appellees.

MERRICK, C. J. *William Bronson* and his wife *Elizabeth Bronson,* died of the cholera in August, 1854, in Illinois, within a few days of each other, leaving two minor children.

The domicil of *William Bronson,* and consequently of his wife, was, at the time, in the parish of Plaquemines, in this State.

On the 15th day of October, 1854, the Clerk of that parish (a family meeting having been called and advising the same) appointed *Columbus Caulfield,* tutor, and *Edward Cole Bannon,* under-tutor to the minors.

At the time of this appointment, it does not appear, that there was any other relation in the State to whom the tutorship could have been given. *Mary Bronson,* the opponent, up to that date, resided in Hartford, Connecticut, and of course did not arrive in Louisiana until some time after the appointment of *Caulfield.*

On the 9th day of November, 1854, *Mary Bronson* applied for, and obtained letters of tutorship to the minors, from the District Court for the parish of Jefferson, and *M. G. Davis,* was appointed under-tutor.

On the 16th day of the same month, she filed her petition in the District Court for the parish of Plaquemines, praying that *Caulfield* and *Bannon* be destituted from the office of tutor and under-tutor to the minors. The judgment of the lower court being adverse to her pretensions, she has appealed.

The appellee has furnished no brief in this case, but has simply filed a motion to dismiss the appeal, which it is not necessary to notice.

The appellant has urged various objections in this court, but we shall confine our attention to such only as are set up in the pleadings, and consequently were urged in the lower court.

I. The first ground set forth is, that the petitioner is the only surviving ascendant of the minors, being their grandmother, and entitled to the tutorship in preference to all other persons. We do not think this ground sufficient to justify us in disturbing an appointment which, at the time, was properly made.

Petitioner was not a resident of the State when the appointment was made, and the Judge of the domicil of the father and mother of the minors, with the advice of a family meeting, appointed the nearest relation within the jurisdiction of our courts, to be their tutor. The fact that a nearer relation, one who had she been present, and a resident of the State, would have had a legal right to the tutorship, has since arrived in the State, will not displace the tutor regularly appointed. See *Succession of Nicholson*, 5 An. 359. C. C. 351. 15 L. R. 74, *Percy* v. *Provan*.

II. The second ground stated (which seems to have been abandoned in the the lower court) is, that petitioner was appointed tutrix by the District Court for the parish of Jefferson. It is evident that the Judge of the domicil alone could make the appointment.

III. The third ground for the removal was, that in provoking the call for said family meeting, and the appointment under the advice of the same, said *Caulfield* did not make the oath required by law, although he knew that petitioner was grandmother of said minors, and residing in the parish of Jefferson.

As the entire record is not before us, we are not prepared to say that the oath was not taken. The Judge seems to have acted upon sufficient evidence of the residence and relationship of the parties at the time he made the decree. The irregularity complained of, if it existed, would not vitiate the appointment of a person who was really entitled to the tutorship. C. P. 953.

The remaining objections to the proceedings of the family meeting, urged by the appellants counsel in this court, do not appear to have been alleged in the pleadings.

Judgment of lower court affirmed.

Re-hearing refused.